1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

GABRIEL SANTACRUZ,

                    Petitioner,

   v.

JERRY HOWELL, et. al,

                  Respondents.

Case No. 2:20-cv-00847-RFB-BNW

ORDER

     This action is a petition for a writ of habeas corpus, pursuant to 28 U.S.C. § 2254, by Gabriel Santacruz, a Nevada prisoner.  Santacruz initiated this action on May 8, 2020, by filing an application to proceed *in forma pauperis*, along with his habeas corpus petition, a motion to stay, and a motion for appointment of counsel. ECF No. 1. The court denied the *in forma pauperis* application. ECF Nos. 3/6. On June 23, 2020, Santacruz paid the filing fee necessary to commence this action. ECF No. 7.

     The Court has reviewed Santacruz's petition, pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts and finds that it merits service upon the respondents. Respondents will not be required to respond to the petition at this time, however, as the Court anticipates that, with counsel, Santacruz will likely file an amended petition.

     The Court will grant Santacruz's motion for appointment of counsel. "Indigent state prisoners applying for habeas corpus relief are not entitled to appointed counsel unless the circumstances of a particular case indicate that appointed counsel is necessary to prevent due

process violations." *Chaney v. Lewis*, 801 F.2d 1191, 1196 (9th Cir. 1986) (citing *Kreiling v. Field*, 431 F.2d 638, 640 (9th Cir. 1970) (per curiam). The Court may, however, appoint counsel at any stage of the proceedings "if the interests of justice so require." *See* 18 U.S.C. § 3006A; *see also* Rule 8(c), Rules Governing § 2254 Cases; *Chaney*, 801 F.2d at 1196. It appears likely that there will be relatively complex issues to be addressed at the outset of this case, and it appears that Santacruz may not be able to adequately litigate those issues without counsel. Therefore, the Court finds that appointment of counsel is in the interests of justice.

**IT IS THEREFORE ORDERED** that the Clerk of the Court  shall file, separately, the petition for writ of habeas corpus (ECF No. 1-1), motion to stay (ECF No. 1-2), and motion for appointment of counsel (ECF No. 1-3) and ELECTRONICALLY SERVE the petition and a copy of this order on the respondents.

**IT IS FURTHER ORDERED** that the Clerk of the Court shall add Aaron D. Ford, Attorney General of the State of Nevada, as counsel for Respondents.

**IT IS FURTHER ORDERED** that Respondents shall have twenty days from the date on which the petition is served upon them to appear in this action. Respondents will not be required to respond to the habeas petition at this time.

**IT IS FURTHER ORDERED** that Petitioner's motion for appointment of counsel is GRANTED. The Federal Public Defender for the District of Nevada (FPD) is appointed to represent petitioner. If the FPD is unable to represent the petitioner, due to a conflict of interest or other reason, then alternate counsel will be appointed. In either case, counsel will represent the petitioner in all federal-court proceedings relating to this matter, unless allowed to withdraw.

**IT IS FURTHER ORDERED** that the Clerk shall electronically serve upon the FPD a copy of this order, together with a copy of the petition for writ of habeas corpus.

**IT IS FURTHER ORDERED** that the FPD shall have 20 days from the date of entry of this order to file a notice of appearance, or to indicate to the court its inability to represent the petitioner in this case.

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

      **IT IS FURTHER ORDERED** that the Court will establish a schedule for further proceedings after counsel appear for the petitioner and the respondents.

      **IT IS FURTHER ORDERED** that Petitioner's motion to stay is DENIED without prejudice.

      Dated: June 26, 2020.

_____

**HON. RICHARD F. BOULWARE, II**
**UNITED STATES DISTRICT JUDGE**